UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**PATRICK GEORGES**,　　　　　　　　　　　　　08 CV 3611　(CBA)
　　　　　　　　　　　　　　　　　　　　　　　　07 CR 334　 (CBA)

　　　　　　　　　　Petitioner　　　　　　　　　**ADDENDUM**

　　　　- against –

**UNITED STATES OF AMERICA**

-----------------------------------------------------------X

State of New York　)
County of Kings　　) s.s.:

　　　　PATRICK GEORGES, being duly sworn, deposes and says:

　　1.　　That he is the petitioner in the above captioned matter.

　　2.　　This is an "ADDENDUM" to petitioner's traverse already on file with this Court. The same is being submitted in order to clearing up some untrue factual allegations asserted by the Government in their opposition to petitioner's writ of habeas corpus pursuant to *28 U.S.C. Section 2255*.

　　3.　　This case arises from petitioner pleading guilty to conspiring to deal in firearms without license.

　　4.　　While essentially agreeing with the Government's chronicle of the procedural history of the instant case, it is petitioner's contention that the Government opposition, to his writ of habeas corpus, is less than candid in asserting that petitioner is precluded from, *inter alia*, bringing forth his claim of ineffective assistant of counsel, and that petitioner's petition for a writ

- 1 -

of habeas corpus should be dismissed or precluded, because "[petitioner] was sentenced within the parameters of the appeal waiver."

5. The Government have filed a some-what lengthy, but largely irrelevant, opposition along with a memorandum of law in response to petitioner's petition for writ of habeas corpus.

6. In an attempt to deflect this court's attention from the real issue presented, the government devoted nearly 26 pages to what purports to be both, a summary of the ATF firearm investigation in New York against the petitioner, which in their view leaves no doubts about petitioner's guilt and, simultaneously, demonstrates the lack of merit of each of the petitioner's claims of error.

7. In essence, and as will be demonstrated here, through a combination of omission and sleight-of-hand, the Government have seriously distorted, not only the facts of the case but, what was, and what is at issue here.

8. From the outset, and in his habeas petition, petitioner argued that: 1) at the time of the firearms transaction, he had **no** knowledge that the firearms were stolen; 2) That his pre-sentence report contained inaccurate and prejudicial information; and 3) That his Sixth Amendment rights to effective assistance of counsel were violated whereas counsel performance fell below the objective standard of reasonableness.

9. In the first instance, petitioner will address the Government's statement, at pages 20-21, that [petitioner] "was already engaged in an existing course of conducting dealing in

firearms[,] [because he] was previously convicted of Criminal Possession of a Weapon on May 12, 1998, in Kings County Supreme Court." As the Court will agree that, this statement is problematic because it does not provide any indication as to when or where the dealing(s) in firearms took place. Although it may appears, from the government's sleight of hands, that Petitioner was engaged with firearms dealings, it is equally clear that petitioner's 1998 state conviction did not involved any dealing in firearms conspiracy. There is nothing in the record which could even tend to suggest to this Court that petitioner was "in an existing course of conducting dealing in firearms" back in 1998. In fact, the firearms to which Petitioner pled guilty to back in 1998, were legally purchased by Petitioner in the State of North Carolina. See, purchase receipts and other related documents annexed hereto as **Exhibit "A"**. Accordingly, the government's statement is untrue and inherently insufficient to establish that petitioner was conducting dealing in firearms back in 1998.

10. Second, the government's proffer that "there is evidence through a confidential source that the petitioner sold firearms and paid [the confidential source] for referring firearm buyers to [petitioner]", also fails to support any dealings in firearms and this Court should neither simply accept the government's conclusion without any evidentiary support.

11. Thirdly, petitioner had attempted to moved through his retained attorney, Douglas Rankin, to provide all parties with a copies of an audio recorded CD. This CD was, and is, material evidence to this case. See copy of the recorded CD annexed hereto as **Exhibit "B"**. The same would have contradicted the government's factual allegations of what really transpired

during the encounters between the undercover agent, his confidential informer, known to the government as "CI 152"and Petitioner. In other words, it would have, among other things, clearly revealed petitioner's lack of knowledge about how the firearms were being obtained. At the time, Mr. Rankin lied to Petitioner and had Petitioner believed that the recorded CD were presented and given to the prosecutor and the Judge on the case.

12. Contrary to the government's contention that, at the direction of ATF agents, petitioner was fitted with an audio and video recordings for the purposes of meeting with Andrew Spencer to discuss firearms transaction. This is a blatant untrue. Petitioner did not worn the government recording device. Rather, he had worn **his own** audio recording device to demonstrate to the undercover agent, through Spencer, the legitimacy of the firearms. That they were not stolen but, rather supplied by license dealers from a "Gun show / Shot show". As a result, the government viewed this opportunity as two folded. First, to entrap petitioner into meeting with Andrew Spencer and, second to enhancing their investigation against Spencer. Note, Mr. Spencer was arrested based on the recording conversations he had with Petitioner. If petitioner was assisting the government, as they asserted in their opposition, then why was petitioner not issued a 5-K letter? Because he "refused to acknowledge his prior dealings with firearms"? or because he "denied that he profited firearms sold?" These indication, as asserted by the government, are questionable and doesn't have a ring to the truth.

13. Of importance, it should also be noted that, petitioner acted as a middle-man without any knowledge of where, and how, the firearms were being obtained. This is so because,

-4-

it is undisputed, and the government will agree that: **a)** petitioner was not the actual supplier of the firearms and; **b)** that the ATF's investigation in Atlanta never involved or linked petitioner as being an associate of Donald Lane. There is not an iota of evidence which could tend to indicate that petitioner knew, Donald Lane or, that he knew that the firearms had been stolen by Mr. Lane. Nevertheless, it is axiomatic and safe to say that, petitioner was entrapped through the undercover agent's CI, a person known to the government as Junior "CI 152," to have petitioner act as a middle-man for the purposes of the firearms transactions. Transactions which petitioner did not profit from.

14. In fact, on July 20, 2007, when petitioner appeared before Magistrate Judge Marilyn D. Go, to plea guilty, he had indicated, during the allocution, that he had **no** knowledge that the firearms were stolen. Based upon this statement Magistrate Judge Go refused to accept petitioner's guilty plea. Whether or not petitioner knew that the firearms were stolen was crucial to his defense because the PSR would have calculated petitioner's offense level as 13 rather than the actual 15. Note, by known that the firearms were stolen enhances petitioner's base offense level by two levels.

## LEGAL ARGUMENT

### The Presentence Investigation:

15. Etched in the annals of this country's judicial history rest the adage that no person shall be deprived of life, liberty or property without the maxims of due process and equal protection of the laws in accordance with the *Fourteenth Amendment to the United States Constitution*. When, as here, a petitioner challenges one of the factual bases of his case as set

forth in the PSI, the government has the burden of establishing the disputed fact by a preponderance of the evidence. *United states v. Ismond, 993 F.2d 1498, at 1499 (11th Cir. 1993).* As the 11th Circuit Court explained: "Although not as rigorous as the reasonable doubt or clear and convincing standards, *the preponderance standard is not toothless.* It is the district court's duty to ensure that the Government carries this burden by presenting *reliable and specific evidence.*"

16. A sentencing court may rely on disputed facts in a sentencing report when they are shown by some reliable proof allowing the court to conclude it is not unlikely the statements are true. *United States v. Restrepo, 832 F.2d 146, 148 (11th Cir. 1987).* Specifically, the court may consider conduct proved by the greater weight of the evidence. *United States v. Alston, 895 F.2d 1362, 1373 (11th Cir. 1990).* In addition, in *United States v. Scroggins, 880 F.2d 1204, 1209 (11th Cir. 1989), cert. denied, 494 U.S. 1083,* the Court stated that "[g]uideline sentencing is an adversarial process [which] envisions a confrontation between the parties similar to that which occurs at a civil bench trial." The Court noted that the pre-sentence investigation report ("PSI") serve the purpose of a pretrial stipulation in a civil case. The Guidelines do not reduce district court judges to mere automatons, passive compliers of ciphers, or credulous naifs who must accept as canon all that which is presented to them regarding a defendant's involvement in the crime charged or conduct relevant thereto…. [The standard signifies] a recognition of the fact that if the probation officer and the prosecutor believe that the circumstances of the offense, the defendant's role in the offense, or other pertinent aggravating circumstances, merit a

- 6 -

lengthier sentence, they must be prepared to establish that pertinent information by evidence adequate to satisfy the judicial skepticism aroused by the lengthier sentence that the proffered information would require the district court to impose.

17. Moreover, while the Guidelines allow a district court to 'consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient *indicia* of reliability to support its probable accuracy,' U.S.S.G. Section 6A1.3(a) (Nov. 1, 1994), *this relaxed evidentiary standard does not grant district courts a license to sentence a defendant in the absence of sufficient evidence when that defendant properly, as here, objects to a PSI's conclusory factual recitals.* Thus, to support an offense enhancement, the government has the burden of presenting "reliable and specific" evidence that Petitioner knew that the firearms were either unlawful or stolen. This government failed to do so.

**Ineffective Assistant of Counsel**.

18. No person shall be denied his right to counsel, secured by the *Sixth and Fourteenth Amendments to the United States Constitution and parallel provisions of the State Constitutions.* See, Strickland v. Washington, 466 U.S. 668 (1984), reaffirming the central proposition in *Powell v. Alabama, 287 U.S. 45, 71 (1932), see also, Rule 32 of the Fed. Rules Cr. Proc., 18 U.S.C.A.* Ineffective assistant of counsel "may render a guilty plea involuntary, and hence invalid." *Ventura v. Meachum, 957 F.2d 1048, at 1058 (2d Cir. 1992)* "An accused who has not received reasonably effective assistance from counsel in deciding to plea guilty cannot be

bound by that plea because a plea of guilty is valid only if made intelligently and voluntarily." *United States v. George*, 869 F.2d 333, at 335-336 (7th Cir. 1989); *Downs-Morgan v. United States*, 765 F.2d 1534, 1538 (11th Cir. 1985). A claim of ineffective assistance of counsel is evaluated using the framework established in *Strickland v. Washington, supra*. A defendant must first establish that "counsel's representation fell below an objective standard" of reasonableness, and second, the defendant must show that there is a reasonable probability that, but for counsel's error, neglected to provide the prosecutor and the Court with copies of the recorded CD, Petitioner would not have pleaded guilty and would have insisted on going to trial. In this case, from all appearances, petitioner's retained attorney, Douglas Rankin, led Petitioner to believe that he had provided the prosecutor and the Court with copies of the recorded CD. A copy of the CD is currently in petitioner's possession for the Court to analyze. It contains what really transpired during the encounters between the undercover agent, the undercover agent's CI, known to the government as "CI 152", Detective James O'Connor, Mr. Spencer, and Petitioner. In other words, it contains the true factual allegation as to what really transpired during the encounters, respectively.

**19.**     In light of the arguments advanced here and in his habeas petition, and as a *Pro Se* litigant, Petitioner will ask this Court to review the same with a lenient eye and hold him to a lesser standard than that of a licensed attorney. *See, Haines v. Kernes v. 404 U.S. 819*.

**WHEREFORE**, based upon the argument advanced here, in the petition for writ of habeas corpus, and the traverse, it is respectfully requested that the Court grant petitioner's

- 8 -

writ of habeas corpus. In the alternative, order and conduct an evidentiary hearing, to determine the true facts of this case and further ascertain what really is at issue, and for such other and further relief as the court may deem just and proper in the circumstances.

Dated: Brooklyn, New York
       December 17, 2009.

Respectfully submitted,

*[signature]*

Patrick Georges
Petitioner Pro Se
358 Wortman avenue
Brooklyn, N.Y. 11207


TO:    Benton J. Campbell
        United States Attorney
        Eastern District of New York
        271 Cadman Plaza East
        Brooklyn, NY 11201
        **Tanisha R. Simon**
        Assistant U.S. Attorney
          (Of Counsel)


SWORN TO BEFORE ME THIS 23rd

Day of December, 2009.

_____
       Notary Public

CHERYLAL TELWALA
Notary Public, State of New York
NO. 01TE4907262
Qualified in Queens County
Certificate Filed in Kings County
Commission Expires Dec 7, 2005
2013

## CERTIFICATE OF MAILING

State of New York  )

County of Kings     ) s.s.:

Re:  08CV 3611 (CBA)
<u>07CR 334  (CBA)</u>

I, **Patrick Georges**, first being duly sworn, deposes and says;

That on the date of notarization of the annexed "ADDENDUM", I served a true and exact copy of said Addendum upon Tanisha R. Simon, Assistant U.S. Attorney, via Certify Mail, Return Receipt, addressed to the Office of the United States Attorney, located at 271 Cadman Plaza East, Brooklyn, New York 11201, in a properly wrapped and sealed envelope by depositing it in a depository under the exclusive care and custody of the United States Postal Services.

_____
Patrick Georges
Petitioner Pro Se
358 Wortman Ave.
Brooklyn, NY 11207

SWORN TO BEFORE ME THIS 23rd

Day of December, 2009.

_____
NOTARY PUBLIC

SAKERLAL TELIWALA
Notary Public, State of New York
NO. 01TE...
Qualified in...
Certificate Filed in Kings County
Commission Expires Dec 7, 2005 2013

- 10 -